IN THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS

URBANA DIVISION – Champaign county

| | |
|---|---|
| Danielle Walden ) | |
| individually ) | |
| and on behalf of all persons ) | |
| similarly situated ) CASE NO 19 CV 2272 | |
| members of the Collective as permitted ) | |
| under the Fair Labor Standards Act; ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| Palaki, Inc. d/b/a Dairy Queen, or DQ ) | |
| and Baldev Patel | |
| and "Bob" Patel ) | |
| as an individual ) | |
| under FLSA and Illinois Wage Laws ) | |
| ) **JURY TRIAL DEMANDED** | |
| ) **ON ALL COUNTS** | |
| Defendants. ) | |

**As Per Local Rule 38.1:**
**Equitable relief is sought**
**and demand for jury trial.**

### COLLECTIVE ACTION COMPLAINT

NOW COMES the Plaintiff, Danielle Walden, individually and on behalf of all others similarly situated, as collective representative, by and through her undersigned counsel of record, upon personal knowledge as to those allegations in which she so possesses and upon information and belief as to all other matters, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), the Illinois Minimum Wage Law 820 ILCS 105/1 *et seq* (hereinafter "IMWL" ) the Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002)) (hereinafter "IWPCA" ) and  and brings this cause of action against Defendant Palaki, Inc., d/b/a Dairy

Queen, or DQ and Baldev Patel and "Bob" Patel as individuals under FLSA and Illinois Wage Laws and in so doing states the following:

## NATURE OF THE ACTION

1. Plaintiff, Danielle Walden, alleges individually and on behalf of herself and other similarly situated current, former and future employees of the Defendant, (Hereinafter references to "Plaintiff" are inclusive of both Individual Plaintiffs and those employees that are similarly situated to the Individual Plaintiffs) that she, under both federal and state wage laws, are entitled to be paid for all hours worked and to receive minimum wage for all hours worked and/or receive time and half for all hours worked over forty (40) hours per week.

2. This action is also brought as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 207 and 216(b) to recover unpaid wages for overtime pay which was not compensated at the proper rate of pay, rate of pay to include all compensation.

3. Plaintiff's federal FLSA claims are brought as "opt-in" collective action claims pursuant to the FLSA; state law.

4. Plaintiff, in her collective claims, request injunctive and declaratory relief, and compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendants, liquidated and/or other damages as permitted by applicable law, restitution and payment of all benefits Defendants obtained from their unlawful business practices and attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1332 and 1367. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 based on 29 U.S.C. 216(b) known as the Fair Labor Standards Act.

6. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1332 and 1367 and Plaintiff seeks application of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL")Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002))("IWPCA" ).

7. The Court is authorized to issue a declaratory judgment.

8. Venue is proper in this Court.

9. Defendant does business and is a resident of this District and Division of Federal Court.

## ENTERPRISE JURISDICTION

10. Plaintiff alleges Enterprise Jurisdiction, as Defendant is sufficient size to engage in commerce.

11. Defendant has a large retail location and large staff consisting of 7-10 waitstaff at any one time.

12. Thus Plaintiff alleges, given the large facility and large staff, that Defendant has at least $500,000 in sales per year.

13. Defendant's operations exceed sales of $500,000.00.

14. Defendant, is an enterprise that regularly and recurrently have at least two employees engaged in commerce.

## INDIVIDUAL FLSA COVERAGE

15. Further, the Plaintiff also alleges individual FLSA Coverage.

16. Defendants are also covered under individual coverage of the FLSA.

17. Even when there is no enterprise coverage, employees are protected by the FLSA if their work regularly involves them in commerce between States ("interstate commerce"). The FLSA covers individual workers who are "engaged in commerce or in the production of goods for commerce."

18. Here Plaintiff and Collective sold products to ultimate consumers that traveled in commerce.

19. The items that Plaintiff and collective sold include food items like ice cream, nuts, chocolate, carmel, salt, soft-drinks and juices from other states in America and from other countries.

## FACTS REGARDING THE PLAINTIFF

20. Plaintiff, Danielle Walden, is a resident of the State of Illinois.

## DQ CORPORATE FACTS

21. Defendant Palaki, Inc., d/b/a Dairy Queen, or DQ (Hereinafter referred to as "DQ"), is a corporation or business which does business in Illinois.

22. DQ operates a chain of ice cream shops and or fast food restaurants in Illinois and Wisconsin.

23. Plaintiff worked at Defendants' St. Joseph Illinois location.

24. Defendants' St. Joseph location is found at 701 N. 3rd. Street, St. Joseph Illinois in Champaign County.

25. Defendant employs a staff of some full-time employees and a larger number of part time employees.

26. Baldev Patel is the owner and/or operator of Defendant DQ.

27. Defendant Patel also is responsible for overseeing payment of wages, is responsible for causing or approving the wage violations.

28. "Bob" Patel is or was the manager of the St. Joseph DQ location.

29. Plaintiff was told to call Manager Patel "Bob", however, it is likely that said manager's name is not "Bob".

30. Bob Patel managed the location, handling the day to day operations, and also likely directly caused the shaved work hours from Plaintiff's wages.

## COLLECTIVE ACTION ALLEGATIONS

**A**
**The FLSA Collective Action**

31. Plaintiff brings claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all employees of DQ who were, are, or will be employed by DQ during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, who were:

   a. Shaving of work hours policy and procedure which reduced or failed to pay for all overtime wages and minimum wages.

   b. Who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week and/or

5

who were not compensated at the federal minimum wage rate of $7.25 per hour, via the above named policy and procedures.

32. FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiff, since the FLSA claims of the Plaintiff are similar to the FLSA claims of all server employees employed by DQ.

33. Defendant is liable for improperly compensating Plaintiff and FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of DQ who have been denied proper payment of the overtime wages. These current, former and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

34. Plaintiff limits said claims to a Collective Action, rather than a class action, based on the current evidence basis, held by one Plaintiff in one location. Plaintiff, upon information and belief, believes that the policy and procedure of time shaving is applied to other locations, and upon discovery of said additional facts, Plaintiff will seek amendment to expand the claims beyond the one DQ location.

## STATEMENT OF FACTS

**A.    DQ policies and procedures and Compensation Practices fail to pay proper overtime rate of pay and/or Minimum Wage e**

6

35. Plaintiff was employed by DQ as an employee of the Defendant and Plaintiff who work beyond forty hours, but for which Defendants failed to pay overtime at the proper and correct rate of pay.

## FAILURE TO PAY OVERTIME WORK HOURS VIA DEFENDANTS' SHAVING POLICY AND PROCEDURE

36. Plaintiff and all Defendant employees worked as an hourly non-exempt employees.

37. Plaintiff was an employee of Defendants from January of 2017 until February 2019.

38. Plaintiff was paid from $9.00 to $10.10 per hour for hours paid less than 40 hours.

39. However, Plaintiff was not paid for all work time, thus Plaintiff was not paid proper and complete minimum wage and overtime wages.

40. Plaintiff estimates that she worked 1-2 hours off the clock each work shift and 6-10 hours per weekly paycheck due to the failure to pay all work hours.

41. This off-the-clock work occurred when the Plaintiff and other employees were had their work time shaved.

42. Plaintiff was initially paid overtime wages, however, when a new manager, "Bob" Patel began working, her hours over forty were shaved to 39 or 39.5 or 40 hours.

43. Plaintiff pleads specific overtime violations, as required by some District Court Judges, on a week by week basis.

44. During the Pay period of 7/17/17 to 7/30/17, Plaintiff was paid 80.00 hours at a rate of $9.75 per hour, but Plaintiff also worked, off the clock, approximately ten hours of overtime, for which Plaintiff was not paid.

45. The Defendant's unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

46. Defendant's consented, were knowledgeable of that they were paying the overtime rate of pay incorrectly.

47. Plaintiff is paid on an hourly pay rate and is classified as "non-exempt" employee by Defendant.

48. This is a FLSA violation because the Plaintiff works beyond forty (40) hours, thus Plaintiff is owed time-and-half of her <u>regular pay</u> for ALL hours beyond 40.

49. Further that by forcing her to work off the clock, this is a violation of the Plaintiff's rights under FLSA as she was not paid at time-and-half during these hours and rather is paid nothing for this work time.

50. Further this also a violation of the Plaintiff's rights under Illinois Minimum Wage law and Illinois over-time wage law and IWPCA.

51. The FLSA defines the "regular rate" as all remuneration for employment paid to or on behalf of the employee, before any deductions from wages are made. (See 29 U.S.C. §207(e); 29 C.F.R. §778.109.)

**DQ's Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations**

52. DQ required and permitted Plaintiff and the FLSA Collective, to work more than 40 hours in a week. DQ did not pay Plaintiff, and the FLSA Collective the proper overtime rate for all of these overtime hours and/or minimum wage hours.

53. DQ unlawful conduct has been uniform, widespread, repeated and consistent.

54. DQ willful violations are especially demonstrated by their knowledge that its employees were not paid the correct rate of pay.

55. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

56. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiffs have such knowledge and based upon "information and belief" as to all other allegations.

## FIRST CLAIM FOR RELIEF
**Individual claims Against Defendant**
**Under the Illinois Minimum Wage Law "IMWL"**

57. Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

58. Plaintiffs are or were employee of the Defendant pursuant to the IMWL.

59. Plaintiffs are or were employed by DQ as an employee.

60. It is and was at all relevant times, a policy of DQ to pay its employees at an overtime rate of pay and/or minimum wage pursuit to the Defendants' improper deduction policy and procedures and/or off-the-clock work, and/or Tip rate violations.

61. It is a policy, procedure and job requirement of Defendant DQ its employees to pay its employees at an overtime rate of pay which does not include the added compensation earned as commissions or earned bonuses

9

62. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting most if not all of the Defendant's employees.

63. As a result of the foregoing, Plaintiffs and members of the collective have been damaged in an amount to be determined at trial.

64. Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

## SECOND CLAIM

### Individual claims Against Defendants
### Under Illinois Wage Payment and Collection Act "IWPCA"

65. Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

66. Plaintiff was employed by DQ.

67. It is and was at all relevant times, a policy of DQ to take, without Agreement wages, tips and/or work time.

68. Any "agreement" to paying less time and/or tips was not voluntary, thus was not an effective "agreement".

69. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

70. Further that Defendants' caused Plaintiff to work "off-the-clock" by shaving her work time.

71. This cause of action arises out of employment contracts or agreements; written and/or oral.

72. The named Plaintiffs were employed by Defendant.

73. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

74. Upon information and belief, all collective employees of the Defendant had the same policies imposed upon its employees.

75. Plaintiffs are or were under the control and direction of the owner of the Defendant and/or his agents during the period of the Plaintiff employment under their contracts of service and in fact.

76. Plaintiffs were not an independent contractors, rather were employees of the Defendant by oral agreement and/or written contract.

77. Plaintiffs employment were in the usual course of business for which such service is performed.

78. Plaintiffs do not possess a proprietary interest in the Defendant.

79. The Defendant is an "employer" under the terms of the IWPCA section 2.

80. In accordance with IWPCA, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation".

81. Individual Defendants are named as an employers, as they knowingly permitted violations of the IWPCA and for other facts alleged herein.

**THIRD CLAIM FOR RELIEF**
**On Behalf of Plaintiff and All Opt-In Employees**
**Against Defendant DQ**
**As a Collective Action**

**(FLSA Claims, 29 U.S.C. § 201 et seq.)**

82. Plaintiff realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

83. The Collective claims include all plead claims found in this complaint which fall within the coverage of FLSA.

84. The Collective claims include all employees which Defendant has failed to pay at an overtime rate of pay which does not include the off the clock time and/or reduces the rate of pay by deductions.

85. At all relevant times, Defendant DQ has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants has employed, and continues to employ, "employee[s]," including the Plaintiffs, and each of the members of the FLSA Opt-Ins, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants has had gross operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00).

86. At all relevant times, Defendants has engaged, and continue to engage, in a willful policy, pattern, or practice of requiring their employees, including the Plaintiffs and members of the prospective FLSA Class, to work in excess of forty (40) hours per week without compensating such employees to pay its employees at an overtime rate of pay which does not include the added compensation earned as commissions or earned bonuses.

87. At all relevant times, the work performed by retail employees including the Plaintiffs and prospective FLSA Opt-Ins, employed at Defendant were, and continue to be, required or permitted by Defendants, for the benefit of Defendants, directly related to such employees' principal employment with Defendants, and as an integral and indispensable part of such employees' employment of Defendants.

88. As a result of the Defendant willful failure to record or compensate its employees – including Plaintiff and members of the prospective FLSA Class – employed by Defendant for all hours worked, Defendant has violated, and continues to violate, the maximum hours provision of the FLSA, 29 U.S.C. § 207(a)(1), and § 215(a).

89. As a result of the Defendant's willful failure to record, report, credit, and/or compensate its employees employed by Defendant, including the Plaintiffs and members of the prospective FLSA Class, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

90. The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq.

91. Plaintiffs, on behalf of herself and all FLSA Opt-Ins, seek damages in the amount of their respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

92. Plaintiffs, on behalf of herself and all FLSA Opt-Ins, seek recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

93. Plaintiff has consented to be a party to this action, pursuant to 29 U.S.C. § 216(b).

94. At all times relevant to this action, Plaintiff and all FLSA Opt-Ins were employed by Defendant within the meaning of the FLSA.

95. At all times relevant to this action, Plaintiffs and all FLSA Opt-Ins were engaged in commerce and/or the production of goods for commerce and/or Defendant were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

96. Due to Defendant's FLSA violations, Plaintiff and all FLSA Opt-Ins are entitled to recover from Defendant their unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b)§ 6 of the Fair Labor Standards Act, [29 U.S.C.A. § 206](#), [9](#) FCA [title 29, § 206](#), provides that every employer shall pay to each of his employees who is engaged in interstate or foreign commerce or in the production of goods for such commerce, wages at specified hourly rates.

97. Individual Defendants are named as employers, as they knowingly permitted violations of the FLSA and for other reasons found herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the herself and the FLSA Collective, pray for the following relief:

A.  That, at the earliest possible time, the Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, to employees whom have been employed by the Defendants and as alleged herein this complaint. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join in this lawsuit if they believe they were not paid all wages for work performed.

B.  Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting an Illinois Department of Labor and United States Department of Labor regulations;

C.  Unpaid regular wages, and overtime wages pursuant to the IMWL, IWPCA and other state wage laws.

D.  Compensation originating from DQ company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

E.  An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

F.  Certification of this case as a Collective action;

G   Designation of the Plaintiff as representative of the Collective.

  H. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

  I. Attorneys' fees and costs of this action in accordance with FLSA and Illinois Wage Laws; and

  J. Attorneys' fees in accordance with all applicable laws.

K. Unpaid wages and liquidated damages pursuant to IWPCA and the supporting Illinois Department of Labor regulations;

  L. Consequential damages;

  M. Additional compensation/penalty due to the Plaintiff in accordance with Section 14(b) of the IWPCA in the amount of 2% per month (up to an amount to twice the sum of unpaid wages) due under the IWPCA for the delay in payment of due wages;

  N. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor regulations;.

  O. and costs of this action; and

  P. Such other relief as this Court shall deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: October 9, 2019

          Respectfully submitted,

          By:  -S-John C. Ireland
             John C. Ireland

Attorney for the Plaintiff and Collective

The Law Office Of John C. Ireland
636 Spruce Street
South Elgin ILL
60177
 630-464-9675
Facsimile 630-206-0889          attorneyireland@gmail.com

**Lead counsel for purposes of  RULE 11.2 DESIGNATION OF LEAD COUNSEL ON INITIAL PLEADING**

17